# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT HUNTINGTON

**J. C.**, a minor by and through his
mother and next friend, **MICHELLE COOK**;                    Civil Action No. 3:13-33048

**M.W.** a minor by and through his
mother and next friend **ANGELA DROPP**;

**I. Z.**, a minor by and through his
mother and next friend, **MARY MASTERS**;

**M. M.,** a minor by and through her
mother and next friend, **JEANETTE MASKILL;**

**D. M.**, a minor by and through his
mother and next friend, **REBECCA MARDORF;**

**J. S.**, a minor by and through his
mother and next friend, **CINDY SIMPSON-DURAND**;

**H. S.**, a minor by and through her
mother and next friend, **SHANNON SCALISI;**

**E. D.,** a minor by and through her
mother and next friend, **DENICE DARCY;**

**C. B.**, a minor by and through her
mother and next friend, **LALA FIELDS**;

**L. V.,** a minor by and through his
mother and next friend, **LORIE VINSON;**

**J. E.**, a minor by and through his
mother and next friend, **MARLO CHEEKS;**

**A. N.,** a minor by and through her
mother and next friend**, HEATHER NORFOLK;**

**T. S.**, a minor by and through his
Mother and next friend, **DAWN SKURRY**;

**A. H.**, a minor by and through her
mother and next friend, **HEATHER SLABAUGH;**

**A. W.**, a minor child by and through his
mother and next friend, **SHERI WIDNER**;

**K. W.**, a minor by and through her
mother and next friend, **ANGEL WOLFERTZ**;

**H. C.**, a minor by and through her
mother and next friend, **MELISSA SHROYER**;

**C. S.**, a minor child by and through his
mother and next friend, **KIMBERLY LANCASTER**;

**D. B.**, a minor by and through his
mother and next friend, **NINA BRUMFIELD**,

Plaintiffs,

v.

**PFIZER, INC**.,
**ROERIG**, a division of Pfizer, Inc., and
**GREENSTONE, LLC** f/k/a Greenstone, LTD.

Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Motion to Remand this Case for a Second Time, ECF No. 5. For the

reasons below, the Court **GRANTS** this Motion and hereby **REMANDS** this case to the Circuit

Court of Wayne County, West Virginia. Also pending before the Court is Defendants' Cross

Motion to Dismiss the Dropp Plaintiffs, ECF No. 13. Because this Court lacks subject matter

jurisdiction and is remanding this action to the Circuit Court of Wayne County, West Virginia,

Defendants' Motion cannot be addressed by this Court.

## I.      Background

Plaintiffs are nineteen women who took the drug sertraline hydrochloride—also known by the brand name Zoloft—during pregnancy, and the nineteen minor children resulting from those pregnancies ("Minor Plaintiffs") (together, "Plaintiff families"). Plaintiffs are residents of West Virginia, Pennsylvania, Michigan, Connecticut, Oklahoma, Louisiana, Florida, Texas, Tennessee, Maryland, North Carolina, Oregon, South Carolina, Ohio, and New York. Compl. ¶¶ 8-26, ECF No. 1-1: 28-69; Notice of Removal ¶¶ 12-30, ECF No. 1. Defendants are Pfizer, Inc.; Roerig, a division of Pfizer, Inc.; and Greenstone, LLC, a subsidiary of Pfizer Holdings Americas Corporation or Pfizer, Inc.[1] Compl. ¶¶ 34, 39, 45; Notice of Removal ¶¶ 31-33. Defendants manufacture, market, and distribute sertraline hydrochloride. Defendants Pfizer and Roerig are citizens of New York and Delaware, and Defendant Greenstone is a citizen of Delaware and New Jersey or New York.[2] Compl. ¶¶ 34, 39, 45; Notice of Removal ¶¶ 31-33. Plaintiffs state products liability and negligence claims against Defendants, alleging that Defendants' actions in making, marketing, distributing, and monitoring the effects of sertraline hydrochloride resulted in Minor Plaintiffs' congenital birth defects.

Though the original Complaint, filed July 11, 2012, included all nineteen Plaintiff families, each Plaintiff family was assigned a separate civil action number upon filing under West Virginia Rule of Civil Procedure 3(a). On August 7, 2012, Defendants removed eighteen out of nineteen of the Plaintiff families—all but the Dropp Plaintiffs, who, as citizens of New York, are non-diverse from Defendants—to this Court. Defendants argued that Rule 3(a) created separate actions, each of which could be separately removed where diversity existed. In the

---

[1] Defendants' Notice of Removal and Plaintiffs' Complaint differ as to the owner of Greenstone, LLC. The resolution of this discrepancy is not vital to the key issue of whether this Court has jurisdiction over this case.
[2] Defendants' Notice of Removal and Plaintiffs' Complaint differ as to Greenstone's state citizenship. Again, the resolution of this discrepancy is not vital to the key issue of whether this Court has jurisdiction over this case.

alternative, Defendants argued that the Dropp Plaintiffs had been fraudulently misjoined because the Dropp Plaintiffs' and the other Plaintiff families' claims did not arise from the same transaction or occurrence. On September 25, 2012, this Court remanded all Plaintiff family actions to the Circuit Court of Wayne County, West Virginia, finding that Plaintiffs had filed a single action in state court—the nature of which was unchanged by Rule 3(a)—and that Plaintiffs' claims were properly joined. *J.C. ex rel. Cook v. Pfizer, Inc.*, No. 3:12-CV-04103, 2012 WL 4442518 (S.D. W. Va. Sept. 25, 2012), *appeal dismissed*, 722 F.3d 574 (4th Cir. 2013).

On October 18, 2012, the Circuit Court of Wayne County, West Virginia, entered an Order, which stated:

> The above civil action numbers [the nineteen distinct numbers assigned to the nineteen Plaintiff families under Rule 3(a)] were assigned several case numbers due to West Virginia Rules of Civil Procedure (filing fees for different households). The Court is of the opinion to consolidate these matters into one civil action number. Therefore, the Clerk of this Court shall only be required to maintain one file (i.e. Civil Action No. 12-C-146). Henceforth, all filings in this proceeding shall be maintained in Civil Action No. 12-C-146.

ECF No. 1-30: 19-20.

On October 28, 2013, six families not included in Defendants' Notice of Removal filed a Complaint against Defendants which closely mirrored the Complaint of the nineteen families included in Defendants' Notice of Removal. Compl. II, ECF No. 5-6. As with the first complaint, each Plaintiff family was assigned a separate civil action number under West Virginia Rule of Civil Procedure 3(a). On that same day, the Circuit Court of Wayne County, West Virginia, entered an Order of Consolidation, which stated:

> This Court is of the opinion to consolidate the above-styled Complaint [listing the six families and their distinct civil action numbers] with Consolidated Civil Action Number 12-C-146. The above-styled Complaint and the Complaint in Civil Action Number 12-C-146 essentially mirror each other, involve common

questions of law and fact and assert the same allegations that all claims arise from the same transactions or occurrences. Consolidating the Complaint with Consolidated Civil Action Number 12-C-146 does not prejudice the parties and will avoid unnecessary costs and delays posed by separate complaints.

Therefore, it is [ordered] that:

1. the above-styled Complaint is consolidated with Consolidated Civil Action Number 12-C-146;

2. consolidation herein shall not alter or affect prior Court orders; and

3. by January 6, 2014, counsel for the parties in the above-styled Complaint shall meet and provide the Court with a date and time on which to conduct a pretrial conference to select the initial case(s) for trial, with a trial date to be determined.

ECF No. 5-5.

On December 23, 2013, Defendants filed another Notice of Removal in this case—this time, removing all nineteen original Plaintiff family actions as one. Defendants now argue that the Dropp Plaintiffs were fraudulently joined because they cannot prevail on their claims against Defendants, and Defendants filed the instant Cross Motion to Dismiss Dropp Plaintiffs.

In the instant Motion to Remand, Plaintiffs argue, *inter alia*, that Defendants improperly removed only a portion of the twenty-five Plaintiff families now included in the consolidated action in state court and that one of the six families added since the last removal—the Winchell Plaintiffs—are citizens of New York[3] and, thus, non-diverse from Defendants. Defendants filed a Response, and Plaintiffs filed a Reply. This Motion is now ripe for review.

## II.    Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

---

[3] The Complaint filed by the six Plaintiff families asserts that the Winchell Plaintiffs are citizens of New York. Compl. II ¶ 9.

28 U.S.C. § 1441(a). "[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). In order to remove an action under § 1332, there must be "*complete* diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (emphasis added). Further, a "district court may assert subject matter jurisdiction under Section 1332 in removed cases only if complete diversity of citizenship between the parties on either side of the dispute existed both at the time the suit was commenced in state court . . . and at the *time of removal*." *Sea Marsh Grp., Inc. v. SC Ventures, Inc.*, 111 F.3d 129 (4th Cir. 1997) (emphasis added) (citing *Rowland v. Patterson,* 882 F.2d 97, 99 (4th Cir. 1989)).

The party seeking removal bears the burden of demonstrating jurisdiction. *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003). "Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

### III.    Analysis

Defendants argue that the October 28, 2013, Order of Consolidation is not a true consolidation of the nineteen Plaintiff family and six Plaintiff family cases in that the consolidation was only for pretrial purposes.[4] Further, Defendants argue that Plaintiffs' own characterizations of the two complaints in seeking referral of the "actions" to the West Virginia

---

[4] Without citing to the voluminous record, Defendants state that, first, the six Plaintiff families attempted to intervene in the action of the nineteen Plaintiff families and then, withdrawing the motion to intervene the day before oral argument, they filed a motion to amend the original complaint, which was denied by the Circuit Court of Wayne County, West Virginia, with direction by the presiding judge to file a separate complaint. Defs.' Resp. 5, 10, ECF No. 12. Even if the court's intent prior to the entry of the Order was to consolidate the cases for pretrial purposes only, that intent may have changed. The Order, itself, is the best evidence of the court's intent.

Mass Litigation Panel confirm that the cases are separate and not truly consolidated. Defs.' Resp. 10, ECF No. 12. Additionally, Defendants argue that the fact that the Supreme Court of Appeals of West Virginia granted Plaintiffs' motion to refer Consolidated Civil Action Number 12-C-146 to the Mass Litigation Panel—referring to "all cases identified in the [m]otion"—further supports their contention that the two complaints are not truly consolidated into one action. Administrative Order, ECF No. 12-17.

Defendants have failed to carry their burden of demonstrating jurisdiction in this case. First, 28 U.S.C. § 1441(a)—which creates removal jurisdiction—explicitly states, "*[A]ny civil action* . . . may be removed . . . ." 28 U.S.C. § 1441(a) (emphasis added). Likewise, 28 U.S.C. § 1446—which delineates the removal procedure—states, "[D]efendants desiring to remove *any civil action* from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a) (emphasis added). In both instances, the statute is clear: an *entire* civil action—not a subpart thereof—is removable. Here, in its October 28, 2013, Order of Consolidation, the Circuit Court of Wayne County, West Virginia, explicitly states that "the above-styled Complaint [of the six Plaintiff families] is *consolidated* with Consolidated *Civil Action Number* 12-C-146." Order Consolidation 2 (emphasis added). Nowhere in the Order does the court state that the consolidation is for "pretrial purposes" only. Instead, the court goes to the effort to note that the two complaints "involve common questions of law and fact and assert the same allegations" and that consolidation "does not prejudice the parties" and "will avoid unnecessary costs and delays posed by separate complaints." *Id.* at 1. Additionally, the parties and the court thenceforth acted in accordance with the plain language of the Order, using only Civil Action Number 12-C-146 to

refer to all twenty-five Plaintiff families' cases. *See, e.g.*, Defs.' Resp. Pls.' Objection Defs.' Notice Presentation Scheduling Order, Dec. 20, 2013, ECF No. 1-23: 94-99.[5]

Defendants' arguments regarding the West Virginia Mass Litigation Panel are also unconvincing. First, even if Plaintiffs had characterized the twenty-five Plaintiff families' cases as being divided up into more than one civil action, a party's characterization does not change the plain language of a court order, and such a characterization would not be recognized by this Court as a valid basis for conferring jurisdiction. Second, Plaintiffs' representations regarding Civil Action Number 12-C-146 in their Motion for Referral to Mass Litigation Panel and Memorandum of Law in Support are mischaracterized by Defendants. In the motion, Plaintiffs state, "The second Complaint was consolidated with Consolidated Civil Action l2-C-146. . . . This litigation is subject to coordinated case management as mass litigation before the West Virginia Mass Litigation Panel because it is two Complaints involving common questions of law and fact . . . ." Mot. Referral Mass Litigation Panel 2, 3, ECF No. 12-1: 2-6. The motion later clarifies again that "[t]he two Complaints were . . . consolidated." *Id.* at 3 n.1.

Third, the Administrative Order granting Plaintiffs' motion to refer Consolidated Civil Action Number 12-C-146 to the Mass Litigation Panel is not dispositive of this issue. In the Administrative Order, the Chief Justice of the Supreme Court of Appeals of West Virginia makes no direct representation as to the number of "complaints" or "causes of action" thus referred. The Order simply states that the referral is ordered pursuant to West Virginia Trial Court Rule 26.06(c)(3), which dictates, "The Chief Justice . . . shall enter an order either granting or denying [a Motion to Refer to the Mass Litigation Panel]." Rule 26.04(a) states that, for the purposes of Rule 26, "mass litigation" means "[t]wo (2) or more civil actions pending in one or

---

[5] Under the heading "Consolidated Civil Action No. 12-C-146," Defendants state, "[T]his Consolidated Case . . . consists of *twenty-five* separate pharmaceutical product liability claims." Defs.' Resp. Pls.' Objection Defs.' Notice Presentation Scheduling Order ¶ 7 (emphasis added).

more circuit courts . . . involving common questions of law or fact." However, Rule 26.06(d) states, "Nothing contained in this rule affects the authority of a circuit court judge to act independently under the provisions of [West Virginia Rule of Civil Procedure] 42." West Virginia Rule of Civil Procedure 42 states, "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; *it may order all the actions consolidated*; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." W. Va. R. Civ. P. 42(a) (emphasis added). It further states, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." W. Va. R. Civ. P. 42(c). In its October 28, 2013, Order of Consolidation, the Circuit Court of Wayne County, West Virginia, appears to have availed itself of both Rule 42(a) and Rule 42(c). The Administrative Order of the Supreme Court of Appeals of West Virginia makes no statement overruling the Circuit Court's consolidation of the cases.

Defendants also cite to several federal cases for the proposition that "consolidation is permitted as a matter of convenience and economy in administration" and "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001). However, none of Defendants' citations are on point. Most importantly, none of the citations deal with a consolidation which occurred in a state court. *Smith v. Ray*, 409 F. App'x 641, 646 (4th Cir. 2011) (holding that the district court abused its discretion when it sua sponte dismissed one case's complaint due to the consolidation of two federal cases for the

9

purposes of hearings and trial); *Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 75 F. App'x 903, 904 (4th Cir. 2003) (holding that the involved cases should not have been considered as a single consolidated case for the purposes of remand, where one case was originally filed in federal court); *Intown Properties Mgmt.*, 271 F.3d at 167-68 (holding that the district court was correct in dismissing one of two consolidated actions because of a statute of limitations issue). This Court cannot and will not convert the clear consolidation of multiple cases into one civil action by a state court into something that it is not.

Defendants have failed to carry their burden of demonstrating jurisdiction in this case. Their partial removal of a consolidated state civil action is improper. Were the error cured and all of the twenty-five Plaintiff families removed, diversity clearly would not exist.[6] Thus, this Court has no jurisdiction over this case, and it must be remanded.

### IV.    Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Remand this Case for a Second Time, ECF No. 5, and hereby **REMANDS** this case to the Circuit Court of Wayne County, West Virginia. Because this Court lacks subject matter jurisdiction and is remanding this action to the Circuit Court of Wayne County, West Virginia, Defendants' Cross Motion to Dismiss the Dropp Plaintiffs, ECF No. 13, cannot be addressed by this Court. The Court **DIRECTS** that this action be stricken from this Court's docket.

---

[6] Given that the Winchell Plaintiffs destroy diversity in this case, this Court will not rule on the issue of whether the Dropp Plaintiffs were fraudulently joined.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        February 5, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE